UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD CRUZ** | : | **DOCKET NO. 18-cv-1649** |
| **REG. # 37737-069** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Richard Cruz. Cruz is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for initial review. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

I.
BACKGROUND

Pursuant to a plea agreement, Cruz was convicted in the United States District Court for the District of Massachusetts of one count of conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine, a violation of 21 U.S.C. § 846, and one count of unlawful use of a communication facility, a violation of 21 U.S.C. § 843(b). *United States v. Hernandez*, No. 4:12-cr-40055(4), docs. 240, 250, 251 (D. Mass. Aug. 21, 2015). He was then sentenced on August 21, 2015, to a total of 84 months' imprisonment, including a 24-month enhancement under 18

U.S.C. § 3147 for the commission of an offense while on release. *Id.* at doc. 404. The court ordered that 60 months of that sentence would run concurrent with a 96-month term of imprisonment imposed on Cruz on April 8, 2013, by the United States District Court for the District of Puerto Rico. *Id.* at doc. 404, p. 10; *see United States v. Gomez-Gonzalez*, No. 3:11-cr-0241(37), doc. 3532 (D.P.R. Apr. 8, 2013). It also specified that the remaining 24 months of his Massachusetts sentence, the portion imposed under 18 U.S.C. § 3147, would run consecutive to the Puerto Rico sentence. *Hernandez*, No. 4:12-cr-40055, at doc. 404, p. 10.

Cruz did not appeal his conviction or sentence. Instead, he filed pro se motions to amend judgment, alter judgment, and for the return of personal property in the District of Massachusetts in April 2018. *Id.* at docs. 467, 468, 470. The court denied all three motions. *Id.* at doc. 472. He also filed multiple motions to reduce sentence based on subsequent amendments to the Sentencing Guidelines in the District of Puerto Rico. *Gomez-Gonzalez*, No. 3:11-cr-0241(37), at docs. 4788, 5127, 5688. The court eventually granted all three motions and reduced Cruz's 96 month term of 78 months. *Id.* at doc. 5876.

Cruz now files the instant petition under § 2241, alleging that the Bureau of Prisons ("BOP") miscalculated the time he served in pretrial custody and thus failed to credit him for time served from his arrest on September 13, 2012, until his sentencing in the Massachusetts case on August 18, 2015. Doc. 1.

## II.
### LAW & ANALYSIS

#### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary

review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). It is unclear whether Cruz provided sufficient detail to exhaust this claim before the BOP.[1] In any case, however, the claim presented here does not show a right to relief under § 2241.

A recent computation sheet also shows that he received jail credit for a few days in 2011 and from September 13, 2012, his claimed date of arrest, until April 7, 2013, the day before his Puerto Rico sentence was entered. Doc. 1, att. 2, p. 22. Cruz argues that he is entitled to credit for

---

[1] Instead, Cruz first complained that the 18 month reduction in his Puerto Rico sentence had only resulted in his release date being pushed up by six months. Doc. 1, att. 2, p. 16. A year later, he also complained that there was a miscalculation in his jail credit from the Massachusetts case but did not elaborate. *Id.* at 24. As the BOP explained in response to the first administrative remedy, the Massachusetts sentence was unaltered by the reduction and 24 months of that sentence still ran consecutive to the other terms. *Id.* at 16. In response to the later request, the BOP noted that the request had been answered. *Id.* at 24.

time in custody up until August 18, 2015, the date that the Massachusetts sentence was entered. Doc. 1, p. 7. Under 18 U.S.C. § 3585(b), a defendant is to be given credit toward his federal term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The sentencing court has no authority to designate credit for time already served. *See, e.g.*, *Wilson*, 112 S.Ct. at 1353–54. Additionally, the BOP Sentence Computation Manual, Program Statement 5880.28, provides that a federal term of imprisonment may not commence earlier than the date it was imposed, even if it is ordered to run concurrent with a sentence already being served. *See Gotay-Aviles v. Maye*, 472 Fed. App'x 273 (5th Cir. 2010) (citing *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)); *see also Natividad v. Haro*, 181 Fed. App'x 499, 500 (5th Cir. 2006).

Cruz was already serving his Puerto Rico sentence in the time for which he now claims pretrial custody credit. There is no evidence that the Massachusetts district court intended to make its order that the sentences would run concurrently retroactive, and indeed it was without authority to do so. Further, the BOP could not credit that time towards the Massachusetts sentence because it was already being served against the Puerto Rico sentence. Accordingly, Cruz cannot show any error to the BOP's sentencing calculation and is not entitled to relief under § 2241.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of January, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE